UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on behalf of BAE SYSTEMS PLC,<br><br>                       Plaintiff,<br><br>vs.<br><br>RICHARD (DICK) L. OLVER, et al.<br><br>                       Defendants.<br><br>    - and -<br><br>BAE SYSTEMS PLC, an England and Wales Corporation,<br><br>                       Nominal Defendant. | Civil No. 1:07-cv-01646<br><br>Assigned to:  Judge Rosemary M. Collyer |

## PNC's MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT

Under Fed. R. Civ. Pro. 6(b), defendant The PNC Financial Services Group, Inc. ("PNC") seeks an extension of time until January 11, 2008[1] to respond to the Complaint in this case.

### Background

This is a purported derivative action brought by the holder of American Depository Receipts of defendant BAE Systems plc ("BAE"), a corporation organized under the laws of the United Kingdom, on behalf of BAE against over 30 defendants. The defendants include the members of BAE's current board of directors and several of its present officers and directors. Also named as

---

[1] A 90 day extension from PNC's original response date would make the deadline January 12, 2008, which is a Saturday

defendants are Prince Bandar bin Sultan, and PNC, as the successor by merger to Riggs National Corporation ("Riggs"). The Complaint alleges that Prince Bandar, who as ambassador to the United States was a Saudi government official, received improper payments of at least $2 billion over a period of 20 years through accounts maintained at Riggs. Plaintiff claims these payments were made to secure a large military aircraft contract for BAE, a leading defense company, from the Saudi Ministry of Defense. The Complaint seeks damages and other relief from all defendants on behalf of BAE. (ECF Dkt. No.1)

PNC was served in late September. On October 12, Plaintiff and PNC filed a Stipulation to extend PNC's time to respond to the Complaint to October 31. ( Dkt. 11) In an October 15 Order, the Court denied that request because good cause had not been shown. On October 16, PNC filed a motion in support of the stipulation (Dkt. 13), and the Court granted the extension in an October 18 Order.

As recited in the original stipulation and motion, PNC, the BAE defendants, and the plaintiff anticipated that, before October 31, they would present the Court with a coordinated -- and further extended -- response schedule. The expectation was such a proposed order would also deal with potentially time consuming service of process issues affecting non-domestic BAE defendants.

However, PNC understands that the BAE defendants and the plaintiff have been unable to agree on those overseas service and related issues. Therefore, the overall scheduling agreement contemplated seems unlikely before October 31. Undersigned counsel spoke by phone with Mary K. Blasy, one of plaintiff's counsel, on October 25 in an effort to agree on a stand alone extension for PNC, but that discussion was not successful.

## Discussion

PNC seeks the extension described for the following reasons:

First, this case is factually and legally complex. The complaint is almost 90 pages long, and its allegations concern some 20 years of supposed payments and other activities related to a multi-billion dollar defense contract. There are over 30 defendants. Most of them allegedly reside outside the United States, and the nominal corporate defendant is organized under the laws of the United Kingdom. Evaluating the claims, facts, and applicable law, including issues of foreign law, and then deciding on an appropriate response, will take substantially more time than the current October 31 response date allows.

Second, as noted, a number of overseas defendants – perhaps including BAE itself -- have not yet been served. It is not clear when that will happen. Their responses to the complaint probably will not be filed, and the case will not be fully at issue, for quite some time. As a result, it seems unlikely that the extension sought by PNC would delay the overall progress of this litigation.

Finally, under the circumstances, it would make little sense to require PNC to respond well ahead of many other defendants. PNC is included in the Complaint for having allegedly "aided and abetted" the actions of BAE, its directors, and others by providing banking services and the transfer of funds. PNC certainly believes it will have its own unique defenses to the claims against it, but there will probably be certain threshold defenses (including, among other things, whether the plaintiff has any right to assert its claims on BAE's behalf) that are common to all defendants. In view of these common defenses, the logical and orderly approach would be for most of the defendants to respond to the Complaint at about the same time. The extension sought here would facilitate that.

Therefore, PNC respectfully requests that the Court grant an extension for PNC's response to the Complaint until January 11, 2008. A proposed Order is attached.

Respectfully submitted

STEPTOE & JOHNSON LLP

_____
Christopher T. Lutz (D.C. Bar No. 204008)
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-6440
Facsimile: (202) 429-3902


Counsel for The PNC Financial Services Group, Inc.


Of Counsel

WACHTELL, LIPTON, ROSEN & KATZ
Eric M. Roth
Adir G. Waldman
51 West 52nd Street
New York, New York 10019

Telephone:   (212) 403-1000
Facsimile:   (212) 403-2000


Dated: October 26, 2007

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on behalf of BAE SYSTEMS PLC, <br><br> Plaintiff, <br><br> vs. <br><br> RICHARD (DICK) L. OLVER, et al. <br><br> Defendants. <br><br> - and - <br><br> BAE SYSTEMS PLC, an England and Wales Corporation, <br><br> Nominal Defendant. | Civil No. 1:07-cv-01646 <br><br> Assigned to: Judge Rosemary M. Collyer |

## ORDER

Having considered The PNC Financial Services Group, Inc.'s ("PNC") Motion for Extension of Time to Respond to the Complaint, and the responses to it, the Court finds that there is good cause for granting the relief sought under Fed. R. Civ. Pro. 6(b). It is therefore ORDERED that

PNC's time to respond to the Complaint in this case is extended to and including January 11, 2008

_____
Rosemary M. Collyer
United States District Judge

Dated: October \_\_\_, 2007

## CERTIFICATE OF SERVICE

I certify that, besides having been filed and distributed electronically on the ECF system, copies of the foregoing PNC's MOTION FOR EXTENSION OF TIME TO RESPOND TO THE COMPLAINT were sent on October 26, 2007, by telecopy, to the following counsel of record:

Roger M. Adelman
1100 Connecticut Avenue NW – Suite 730
Washington, D.C. 20036
Telecopy: 202 822 6722

Counsel for Plaintiff


Darren J. Robbins
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway – Suite 1900
San Diego, CA 92101
Telecopy: 619 231 7423

Counsel for Plaintiff


Jonathan W Cuneo
William H Anderson
Cuneo Gilbert & LaDuca LLP
507 C St N.E.
Washington, D.C. 20002
Telecopy 202 789 1813

Counsel for Plaintiff


Michael J. Vanoverbeke
Thomas C. Michaud
Vanoverbeke Michaud & Timmony PC
79 Alfred St.
Detroit MI 48201
Telecopy 313 578 1201

Counsel for Plaintiff

Lawrence Byrne
Mary Warren
Linklaters LLP
1345 Avenue of the Americas
New York, New York 10105
Telecopy 212 903 9100

      Counsel for BAE Systems plc Defendants

_____