UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of BAE SYSTEMS PLC,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD (DICK) L. OLVER et al.,<br><br>Defendants,<br><br>- and -<br><br>BAE SYSTEMS PLC, an England and Wales corporation,<br><br>Nominal Defendant. | Civil No. 1:07-cv-01646<br><br>Assigned to: Judge Rosemary M. Collyer |

**MOTION OF CERTAIN INDIVIDUAL BAE SYSTEMS PLC
DEFENDANTS FOR EXTENSION OF TIME TO ANSWER, MOVE
OR OTHERWISE RESPOND TO THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 6(b), certain of the BAE Systems plc Defendants, namely Mark H. Ronald, Peter A. Weinberg, and Phillip J. Carroll, hereby move to extend until January 11, 2008, the date to answer, move or otherwise respond to the Complaint. In an effort to establish a common response date, the Certain Individual BAE Systems plc Defendants seek the same extension as that requested by the PNC Financial Services Group, Inc. (Docket No. 16).

**FACTUAL BACKGROUND**

On September 19, 2007, Plaintiff filed the Complaint in the above-captioned derivative action against current and former officers and directors of BAE Systems plc. The Complaint also names as defendants Prince Bandar and entities and individuals associated with Riggs Bank. (Docket No. 1).

On September 20, 2007, in a letter to BAE Systems plc, counsel for Plaintiff proposed that BAE Systems plc and the BAE Systems plc directors and executives named in the Complaint waive formal service of process pursuant to Fed. R. Civ. P. 4(d), and indicated that, in exchange for such waiver, Plaintiff would be willing to discuss a common response date for all BAE Systems plc Defendants. Subsequently, Plaintiff purportedly served with the Complaint Mark H. Ronald and Peter A. Weinberg, two of the Individual BAE Systems plc Defendants.

On October 10, 2007, Plaintiff and counsel for the BAE Systems plc Defendants agreed to a limited extension of time for Mark H. Ronald and Peter A. Weinberg to answer or otherwise move with respect to the Complaint, in order to allow the Parties to continue to negotiate a framework for a common date for responses to the Complaint. (Docket No. 10). While initially denying this limited extension for a lack of good cause shown, the Court later granted the extension until October 31, 2007 following a showing of good cause. (Docket No. 12).

Also on October 10, 2007, Defendant Phillip J. Carroll, a current BAE Systems plc Director, was purportedly served. (Docket No. 15). Thus, Plaintiff has purportedly served only three of the 26 BAE Systems plc Defendants named in the Complaint.

On Friday, October 19, 2007, Plaintiff's counsel emailed to counsel for the BAE Systems plc Defendants a proposed stipulation addressing waiver of service by all BAE Systems plc Defendants, a common response date to the Complaint, and certain provisions relating to lead counsel issues. Counsel for Plaintiff and the BAE Systems plc Defendants began to work toward an agreement that would avoid the delay and expenses associated with service of process in several foreign countries and would ease the administrative burden on the Court that would be caused by multiple response dates, particularly given that the BAE Systems plc Defendants will move to dismiss the Complaint on numerous grounds specified below. During the course of these negotiations, counsel to BAE Systems plc advised Plaintiff's counsel that Linklaters is authorized to

accept service for U.S.-resident BAE Systems plc Defendants, and that Linklaters would use best efforts to obtain consent to waiver from current and former BAE Systems plc Defendants not resident in the U.S.

On October 24, 2007, Plaintiff's counsel stated that Plaintiff refused to enter into any agreement as to waiver of service and a common response date, on the grounds that counsel to the BAE Systems plc Defendants could not guarantee that consent to waiver of service would be obtained from all of the former BAE Systems directors before the expiry of the existing stipulation on October 31, 2007. Plaintiff's counsel further refused to agree to another, limited stipulation as to the three purportedly served Defendants, to enable negotiations to continue. Counsel for the BAE Systems plc Defendants has requested that Plaintiff's counsel resume negotiations.

**GOOD CAUSE FOR EXTENSION OF TIME**

This Motion for an extension of the date to answer, move or otherwise respond to the Complaint should be granted for the following reasons.

First, the above-captioned action is a complex multi-party case, involving 32 different Defendants, the majority of whom are based or reside outside of the United States, raising challenging issues of service of process, coordination of responses to the Complaint, and case management generally. As to the BAE Systems plc Defendants named in the Complaint, nominal Defendant BAE Systems plc is an England and Wales corporation based in the United Kingdom. Of the 26 current and former BAE Systems plc Directors that Plaintiff has also named in the Complaint, 22 of those individuals reside in countries outside of the United States. To date, Plaintiff claims to have served only three of those Defendants, and on different dates at that, such that in the absence of coordination the Court is already faced with three response dates for answers or motions. Plaintiff has yet to serve the other 23 BAE Systems plc Defendants, nearly all of whom are located outside the United States. Therefore, in the absence of further negotiation concerning

waiver of service and a briefing schedule, Plaintiff will presumably continue to load the Court's docket with scattershot service attempts and putative response dates, much of which would likely be contested by the 23 unserved BAE Systems plc Defendants.

Second, the BAE Systems plc Defendants intend to move to dismiss the Complaint on numerous jurisdictional and substantive grounds, including that: (i) the court lacks personal jurisdiction over some or all of the BAE Systems Defendants; (ii) Plaintiff lacks standing to pursue derivative claims under English law (the applicable law given BAE Systems plc's place of incorporation) as it does not recognize claims for the kinds of breaches alleged in the Complaint; and (iii) the United States is an inconvenient and improper forum for a lawsuit involving an English company and concerning allegations focused principally on conduct occurring outside the United States. The preparation of motions to dismiss on these and possibly other grounds will require significant amounts of time in order to allow for the briefing of legal arguments on complex issues of U.S. and English law, and the submission of extensive affidavit evidence. Affidavits will be submitted from the BAE Systems Defendants directly and from an expert or experts on the relevant aspects of substantive English law. Consolidation of these motions and supporting affidavits into one briefing schedule instead of more than 20 briefing schedules would serve judicial economy and conserve the resources of the parties. Such consolidation will not occur unless the parties are afforded additional time to negotiate.

Granting this Motion will permit the parties to continue to negotiate waiver of service issues and a framework for a common date for responses to the Complaint. It is likely that continuing negotiations will ultimately result in an agreement that (i) avoids the delay and expense associated with service of process in several foreign countries with differing acceptance of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters; (ii) coordinates the extensive briefing required in the context of motions to

4

dismiss; (iii) rationalizes the Court's docket for case management purposes; and (iv) eases the administrative and judicial burdens on the Court.

Finally, the response date requested in this Motion is reasonable and is intended to further efficiency in case management. First, January 11, 2008 is the response date requested by the Defendant PNC Financial Services (Docket No. 16), which has already been served. Second, should the parties reach agreement as to consent to waiver of service by any or all of the remaining BAE plc Systems Defendants, a response date of January 11, 2008 rather than something near-term increases the likelihood that the yet-unserved BAE Systems plc Defendants will agree to that response date without the necessity of service.

In short, granting an additional extension of time as to three of the BAE Systems plc Defendants named in the Complaint, so as to continue negotiations that may resolve service and case management issues as to most or all of the 26 such Defendants named in total, is a reasonable use of this Court's authority to manage its docket and constitutes good cause for granting this Motion.

Based on the foregoing, the Certain Individual BAE Systems plc Defendants respectfully request that the Court extend until January 11, 2008, the date to answer, move, or otherwise respond to the Complaint. This Motion is made without waiving any defenses of the Certain Individual BAE Systems plc Defendants as to ineffective service, personal jurisdiction, subject matter jurisdiction, or other legal or equitable defenses. This Motion is a limited appearance only, solely to obtain the requested relief for an extension of time to respond to the complaint in an orderly fashion.

DATED: October 30, 2007

Respectfully submitted,

*Larry Byrne/jc*
Lawrence Byrne (DC Bar No. 4761)

**LINKLATERS LLP**
1345 Avenue of the Americas
New York, New York 10105
Telephone: (212) 903-9105
Facsimile: (212) 903-9100

Counsel for BAE Systems plc
Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of BAE SYSTEMS PLC,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD (DICK) L. OLVER et al.,<br><br>Defendants,<br><br>- and –<br><br>BAE SYSTEMS PLC, an England and Wales corporation,<br><br>Nominal Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 1:07-cv-01646<br><br>Assigned to: Judge Rosemary M. Collyer |

## ORDER

Having considered the Motion of Certain Individual BAE Systems plc Defendants for Extension of Time to Answer, Move, or Otherwise Respond to the Complaint (Docket No. __), it is ORDERED that the date for BAE Systems plc Defendants Mark H. Ronald, Peter A. Weinberg, and Phillip J. Carroll, to answer, move or otherwise respond to the Complaint is extended until January 11, 2008.

Dated: October __, 2007

_____
Rosemary M. Collyer
United States District Judge

## NAMES OF PERSONS TO BE SERVED

The names and addresses of all attorneys entitled to be notified of the entry of this order are as follows:

Roger M. Adelman
1100 Connecticut Avenue NW – Suite 730
Washington, D.C. 20036
Facsimile: 212-822-6722
*Counsel for Plaintiff*

Darren J. Robbins
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway – Suite 1900
San Diego, CA 92101
Facsimile: 619-231-7423
*Counsel for Plaintiff*

Jonathan W. Cuneo
William H. Anderson
Cuneo Gilbert & LaDuca LLP
507 C St. N.E.
Washington, D.C. 20002
Facsimile: 202-789-1813
*Counsel for Plaintiff*

Michael J. Vanoverbeke
Thomas C. Michaud
Vanoverbeke Michaud & Timmony PC
79 Alfred St.
Detroit, MI 48201
Facsimile: 313-578-1201
*Counsel for Plaintiff*

Christopher T. Lutz
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Facsimile: 202-429-3902
*Counsel for The PNC Financial Services Group, Inc.*

Eric M. Roth
Adir G. Waldman
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, NY 10019
Facsimile: 212-403-2000
*Counsel for The PNC Financial Services Group, Inc.*

3