UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of BAE SYSTEMS PLC, <br><br>         Plaintiff, <br><br>   vs. <br><br> RICHARD (DICK) L. OLVER, et al., <br><br>         Defendants, <br><br>   – and – <br><br> BAE SYSTEMS PLC, an England and Wales corporation, <br><br>         Nominal Defendant. | Civil No. 1:07-cv-01646 <br><br> Assigned to: Judge Rosemary M. Collyer |

**JOINT STIPULATION AND [PROPOSED] PRETRIAL ORDER NO. 1**

**WHEREAS**, on September 19, 2007 plaintiff the City of Harper Woods Employees' Retirement System filed a Verified Shareholder Derivative Complaint For Intentional, Reckless or Negligent Breach Of Fiduciary Duty, Corporate Waste and *Ultra Vires* Conduct (the "Complaint") on behalf of BAE Systems plc (the "Nominal Defendant") against: (i) current or former BAE Systems plc directors or executives Richard (Dick) L. Olver, Michael J. Turner, Walter P. Havenstein, Ian G. King, George W. Rose, Christopher V. Geoghegan, Phillip J. Carroll, Michael J. Hartnall, Sir Peter James Mason, Roberto Quarta, Sir Anthony Nigel Russell Rudd, Peter A. Weinberg, Andrew George Inglis, Ulrich Cartellieri, Sue Birley, Michael Lester, Mark H. Ronald, Michael Denzil Xavier Portillo, Sir Richard Harry Evans, Lord Alexander Hesketh, John Pix Weston, Keith Clark Brown, Steve Lewis Mogford, Paolo Scaroni, Sir Robin Biggam, and Sir Charles Beech Gordon Masefield (the "Individual BAE Systems plc Defendants"); (ii) The PNC Financial Services Group, Inc, As Successor to Riggs National Corporation/Riggs Bank, N.A. ("PNC"); (iii) Prince Bandar Bin Sultan ("Prince Bandar"); and (iv) Joseph L. Allbritton, Robert L. Allbritton and Barbara Allbritton (the "Allbritton Defendants") (the "Action");

**WHEREAS**, service of process was allegedly effected on Individual BAE Systems plc Defendants Phillip J. Carroll, Peter A. Weinberg, and Mark H. Ronald and PNC and those defendants' respective deadlines to answer or otherwise respond to the Complaint were extended by Court order until January 11, 2008;

**WHEREAS**, the Allbritton Defendants have waived service of process and those defendants' respective deadlines to answer or otherwise respond to the Complaint are December 26, 2007;

**WHEREAS**, plaintiff has sought leave of court to serve Prince Bandar by alternative means pursuant to Rule 4(f) of the Federal Rules of Civil Procedure and that motion is presently pending before the Court;

- 1 -

**WHEREAS**, BAE Systems plc and Individual BAE Systems plc Defendants Walter P. Havenstein, Ulrich Cartellieri, Christopher V. Geoghegan, Michael J. Hartnall, Andrew George Inglis, Ian G. King, Sir Peter James Mason, Richard L. Olver, Roberto Quarta, George W. Rose, Sir Anthony Russell Rudd, and Michael J. Turner (collectively, along with Individual BAE Systems plc Defendants Phillip J. Carroll, Peter A. Weinberg, and Mark H. Ronald, "Certain Individual BAE Systems plc Defendants"), have agreed to waive formal service of process pursuant to Fed. R. Civ. P. 4(d), to avoid the delay and expense associated with service of process in several foreign countries;

**WHEREAS**, the waiver of formal service of process by BAE Systems plc, Certain Individual BAE Systems plc Defendants and the Allbritton Defendants is made without waiving or limiting any defenses as to personal jurisdiction, subject matter jurisdiction, or other legal or equitable defenses;

**WHEREAS**, Individual BAE Systems plc Defendants Sir Robbin Biggam, Sue Birley, Keith Clark Brown, Sir Richard Harry Evans, Lord Alexander Hesketh, Michael Lester, Sir Charles Beech Gordon Masefield, Steve Lewis Mogford, Michael Denzil Xavier Portillo, Paolo Scaroni, and John Pix Weston (collectively, "Remaining Individual BAE Systems plc Defendants"), have **NOT** agreed to waive formal service of process;

**WHEREAS**, Federal Rule of Civil Procedure 6(b) provides this Court discretion to extend the time within which a response is due for cause if the request is made before the time to answer has expired;

**WHEREAS**, District of Columbia Local Rule 40.5 permits later-filed, related actions to be transferred and reassigned to the judge having the lower-numbered case, and upon motion of the parties to be consolidated; and

**WHEREAS**, the parties have met and conferred to establish a uniform response date and briefing schedule for BAE Systems plc, Certain Individual BAE Systems plc Defendants, PNC and the Allbritton Defendants that recognizes that certain defendants have agreed to waive service under Fed. R. Civ. P. 4(d) and eases the administrative burden on the Court that would be caused by multiple response dates;

**NOW**, **THEREFORE**, it is hereby stipulated and agreed between BAE Systems plc, Certain Individual BAE Systems plc Defendants, PNC and the Allbritton Defendants, through their counsel listed below, subject to the approval of the Court, that:

    **A.**    **Acceptance of Service and Extension of Response Date**

    1.    Service of process is accepted by BAE Systems plc, Certain Individual BAE Systems plc Defendants, PNC and the Allbritton Defendants.

    2.    The response dates for BAE Systems plc, Certain Individual BAE Systems plc Defendants, PNC and the Allbritton Defendants are hereby extended through and including January 31, 2008.

    3.    To the extent that valid service of process is effected on any of the Remaining Individual BAE Systems plc Defendants on or before December 31, 2007, the response date for any Remaining Individual BAE Systems plc Defendant so served will be January 31, 2008.

    **B.**    **Briefing Schedule on Defendants' Anticipated Motions to Dismiss**

    1.    In the event BAE Systems plc, Certain Individual BAE Systems plc Defendants, PNC or the Allbritton Defendants move to dismiss the Complaint, plaintiff's opposition(s) to those motion(s) shall be filed with sixty (60) days of their filing.

    2.    Any replies in support of motion(s) to dismiss shall be filed within thirty (30) days of the filing of plaintiff's opposition.

    3.    The Court will hear the motion(s) to dismiss on a date to be selected.

     **C.**     **Transfer and Consolidated of Later-Filed Related Actions and Appointment of Lead Counsel**

1.     In the event that other shareholder derivative actions commenced on behalf of BAE Systems plc that are related to the same subject matter as this Action (as "related" is defined in Local Rule 40.5(s)(3)) are subsequently filed in or transferred to this Court, it is hereby stipulated and agreed between the parties that paragraphs 2-14 of this Section C shall apply, subject to the approval of the Court. In the event that no such other shareholder derivative actions are subsequently filed in or transferred to this Court, paragraphs 2-14 of this Section C will be of no force and effect.

2.     This Action and all other shareholder derivative actions commenced on behalf of BAE Systems plc that relate to the same subject matter that are subsequently filed in or transferred to this Court are hereby consolidated into one action (the "Consolidated Derivative Action") for all purposes, pursuant to Fed. R. Civ. P. 42. In the event that such other shareholder derivative actions are consolidated with this Action, all plaintiffs in the Consolidated Derivative Action shall file and serve a Consolidated Amended Complaint, and the parties shall confer in good faith on a schedule for defendants' time to move to dismiss or otherwise respond to such Consolidated Amended Complaint.

3.     The Consolidated Derivative Action shall be maintained in one Master File under Master Docket No. 1:07-cv-01646. The Clerk shall file all pleadings in the Master File and note such filings on the Master Docket.

4.     An original of this Order shall be filed by the Clerk in the Master File.

5.     The Clerk shall mail a copy of this Order to counsel of record in the Consolidated Derivative Action.

6.     Every pleading subsequently filed in the Consolidated Derivative Action after entry of this Order shall have the following caption:

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| IN RE BAE SYSTEMS PLC DERIVATIVE LITIGATION | ) ) ) ) | Master File No. 1:07-cv-01646<br><br>(Consolidated Derivative Action) |
| This Document Relates To:<br><br>ALL ACTIONS. | ) ) ) ) ) | |

7.  This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court, the filing or transfer of any case that might properly be consolidated as part of the Consolidated Derivative Action.

8.  When a case that is related to the same subject matter of the Consolidated Derivative Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:

   (a)  File a copy of this Order in the separate file for such action;

   (b)  Mail a copy of this Order to the attorneys for the plaintiff(s) in the newly-filed or transferred case and to any new defendant(s) in the newly-filed or transferred case; and

   (c)  Make the appropriate entry in the Master Docket for the Consolidated Derivative Action.

9.  Each new case that is related to the subject matter of the Consolidated Derivative Action which is filed in this Court or transferred to this Court, shall be consolidated with the Consolidated Derivative Action and this Order shall apply thereto, unless a party objects to consolidation, as provided for herein, or any provision of this Order, within 10 days after the date upon which a copy of this Order is served on counsel for such party, by filing an application for relief and this Court deems it appropriate to grant such application. Nothing in the foregoing shall

be construed as a waiver of the defendants' right to object to consolidation of any subsequently filed or transferred related action.

10. The City of Harper Woods Employees' Retirement System's selection of Coughlin Stoia Geller Rudman & Robbins LLP as Lead Derivative Counsel and Cuneo Gilbert & Laduca, L.L.P. and the Law Offices of Roger M. Adelman as Co-Liaison Counsel in the Consolidated Derivative Action shall be affirmed.

11. Plaintiff's Lead Derivative Counsel shall have the authority to speak for plaintiffs in matters regarding pre-trial procedure, trial and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

12. Plaintiff's Lead Derivative Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of the Court. No motion, request for discovery, or other pre-trial or trial proceedings shall be initiated or filed by any plaintiff in the Consolidated Derivative Action except through Plaintiff's Lead Derivative Counsel.

13. Plaintiff's Lead Derivative Counsel shall also be available and responsible for communications to and from the Court, including distributing orders and other directions from the Court to counsel. Plaintiff's Lead Derivative Counsel shall be responsible for creating and maintaining a master service list of all parties and their respective counsel.

14. Defendants' counsel may rely upon all agreements made with Plaintiff's Lead Derivative Counsel, or other duly authorized representative of Plaintiff's Lead Derivative Counsel, and such agreements shall be binding on all plaintiffs in this Consolidated Derivative Action.

**IT IS SO STIPULATED.**

DATED: December 7, 2007

COUGHLIN STOIA GELLER RUDMAN
  & ROBBINS LLP
PATRICK J. COUGHLIN
MARK SOLOMON
MARY K. BLASY

_____
MARY K. BLASY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Derivative Counsel for Plaintiff

LAW OFFICES OF ROGER M. ADELMAN
ROGER M. ADELMAN (DC Bar # 056358)
1100 Connecticut Ave., NW, Suite 730
Washington, DC  20036
Telephone:  202/822-0600
202/822-6722 (fax)

CUNEO GILBERT & LaDUCA, L.L.P.
JONATHAN W. CUNEO (DC Bar # 939389)
WILLIAM H. ANDERSON (DC Bar # 502380)
507 C Street, N.E.
Washington, DC  20002
Telephone:  202/789-3960
202/789-1813 (fax)

[Proposed] Co-Liaison Counsel for Plaintiff

VANOVERBEKE MICHAUD & TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)

Attorneys for Plaintiff

DATED: December 7, 2007

LINKLATERS LLP
LAWRENCE BYRNE (DC Bar # 4761)

_____
LAWRENCE BYRNE

1345 Avenue of the Americas
New York, NY 10105
Telephone: 212/903-9105
212/903-9100 (fax)

Attorneys for Nominal Defendant BAE Systems plc and Defendants Richard (Dick) L. Olver, Michael J. Turner, Walter P. Havenstein, Ian G. King, George W. Rose, Christopher V. Geoghegan, Phillip J. Carroll, Michael J. Hartnall, Sir Peter James Mason, Roberto Quarta, Sir Anthony Nigel Russell Rudd, Peter A. Weinberg, Andrew George Inglis, Ulrich Cartellieri, Sue Birley, Michael Lester, Mark H. Ronald, Michael Denzil Xavier Portillo, Sir Richard Harry Evans, Lord Alexander Hesketh, John Pix Weston, Keith Clark Brown, Steve Lewis Mogford, Paolo Scaroni, Sir Robin Biggam, and Sir Charles Beech Gordon Masefield

DATED: December 7, 2007

STEPTOE & JOHNSON LLP
CHRISTOPHER T. LUTZ (DC Bar # 204008)

_____
CHRISTOPHER T. LUTZ

1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202/429-6440
202/429-3902 (fax)

Attorneys for Defendant The PNC Financial Services Group, Inc.

WACHTELL, LIPTON, ROSEN & KATZ
ERIC M. ROTH
ADIR G. WALDMAN
51 West 52nd Street
New York, NY 10019
Telephone: 212/403-1000
212/403-2000 (fax)

- 8 -

<table>
<tr><td>DATED: December 7, 2007</td><td>Of Counsel for Defendant The PNC Financial Services Group, Inc.

SKADDEN, ARPS, SLATE, MEAGER & FLOM LLP
RICHARD L. BRUSCA (DC BAR # 366746)
MIKE MITCHELL

_____
RICHARD L. BRUSCA
DC BAR NO: 366796
1440 New York Avenue, N.W.
Washington, D.C. 20005-2111
Telephone: 202/371-7000
202/393-5760 (fax)

Attorneys for Defendants Joseph, Barbara and Robert Allbritton</td></tr>
</table>

**IT IS SO ORDERED.**

DATED: _____   _____
THE HONORABLE ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE