**FILED**

FEB **0 6** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

IN RE BAE SYSTEMS PLC
DERIVATIVE LITIGATION

Civil Action No.  07-1646 (RMC)

This Document Relates To:
ALL ACTIONS

## TEMPORARY RESTRAINING ORDER

The City of Harper Woods Employees' Retirement System ("Retirement System"),

Plaintiff here, has filed a Verified Shareholder Derivative Complaint on behalf of BAE System plc

("BAE") against certain BAE officers, directors, and others for intentional, reckless and/or negligent

breaches of fiduciary duty, waste of corporate assets, and *ultra vires* conduct in connection with having

allegedly caused BAE to make $2 billion (or more) in illegal bribe payments to Defendant Prince

Bandar Bin Sultan ("Prince Bandar").  In light of published reports that Prince Bandar has recently

sold three of six real estate holdings that he owns in the United States, Plaintiff moved *ex parte*

pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1651(a) and Local Rule

65.1(a), for a temporary restraining order ("TRO") prohibiting the transfer of any sales proceeds from

the sale of Prince Bandar's U.S.-based real property out of the United States, and an order requiring

that any such proceeds be deposited or invested pursuant to the prudent man standard.[1]

Having considered the Verified Complaint and the application for a TRO, together with

---

[1] The Court has denied, without prejudice, a request for an immediate accounting of
payments BAE made to Prince Bandar, including the present form and location of those funds
and expedited discovery.

the affidavits and exhibits filed in support of the motion ("the TRO Application"), the Court makes the following findings:

      1. This Court has jurisdiction in this case,[2] there is good cause to believe that it will have personal jurisdiction over Prince Bandar and/or *in rem* jurisdiction over Prince Bandar's U.S.-based real property assets allegedly acquired with bribe payments illegally obtained by Prince Bander from BAE, and venue is proper in this District;

      2. Plaintiff's Verified Complaint, at a minimum, raises serious questions of law and the balance of harms from issuing a TRO decidedly favors Plaintiff;

      3. Plaintiff's Verified Complaint, at a minimum, raises serious questions of law concerning whether the BAE Defendants breached their fiduciary duties, wasted BAE's assets and committed *ultra vires* acts by allegedly paying $2 billion in illegal bribe payments to Prince Bandar in violation of the laws of the United States and the United Kingdom. The Verified Complaint, at a minimum, raises serious questions of law concerning whether PNC Financial Group (the legal successor to Riggs Bank ("Riggs")), BAE's now-defunct Washington D.C.-based bank through which the bribe payments were allegedly funneled, and Joseph, Barbara and Robert Allbritton (the former controlling shareholders and principle operating executives of Riggs who allegedly facilitated the bribe payments (the "Allbritton Defendants") aided and abetted those breaches; and the Verified Complaint, at a minimum, raises serious questions of law concerning whether Prince Bandar may be required to return the bribe payments and profits on those payments to BAE;

      4. Further, there is good cause to believe that immediate and irreparable harm will

---

[2] Certain motions to dismiss are pending but not ripe. Broadly construed, they challenge the jurisdiction of the Court on various procedural grounds. Without indicating any decision on those motions, the Court finds that it has subject matter jurisdiction.

result if Prince Bandar (with his agents, attorneys, and others representing him) is not immediately enjoined from selling and/or transferring the U.S.-based real property assets Prince Bandar allegedly acquired with BAE bribe payments, and/or transferring sales proceeds from the sale of those properties out of U.S.-based accounts, and is not required to invest and/or deposit any sales proceeds pursuant to a prudent man standard (as that term is defined for illustrative purposes in 29 U.S.C. § 1104), and that immediate and irreparable damage to the Court's ability to grant effective final relief for BAE in the form of monetary redress will occur from the transfer out of the United States of the proceeds from any sale of Prince Bandar's U.S.-based real property assets unless Prince Bandar, and his agents, attorneys and others representing him, are immediately restrained and enjoined by order of this Court, and that pursuant to Fed. R. Civ. P. 65(b), the interests of justice therefore required that Plaintiff's motion be heard *ex parte* without prior notice to Prince Bandar;

5.  There is good cause to believe that the irreparable harm to BAE and its shareholders if Prince Bandar transfers the sales proceeds out of the United States significantly outweighs any potential harm to Prince Bandar arising from the minimal restrictions the TRO places on his use of these assets;

6.  Weighing the equities and determining that a TRO restraining Prince Bandar from transferring out of U.S.-based accounts the sales proceeds from the sale of any U.S.-based real estate property, and requiring that any sales proceeds be deposited and/or invested pursuant to a prudent man standard, is in the public interest and in furtherance of enforcement of U.S. laws and policies;

7.  There is no immediate need for a security bond under Fed. R. Civ. P. 65(c) as Prince Bandar has considerable financial means and the TRO does not prevent him from selling real property interests, only interferes with his ability to invest and/or deposit any sales proceeds in a minimal way; it may, of course, be terminated or modified upon application to the Court by Prince Bandar.

**IT IS THEREFORE ORDERED:**

Prince Bandar Bin Sultan and his agents, attorneys and others representing him, including realtor Joshua Saslove and attorney William Jordan III, and those people in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, are hereby **TEMPORARILY RESTRAINED AND ENJOINED FROM TRANSFERRING THE SALES PROCEEDS FROM THE SALE OF ANY U.S. REAL PROPERTY THAT PRINCE BANDAR (OR ANY ENTITY CONTROLLED BY PRINCE BANDAR) OWNS (DIRECTLY OR INDIRECTLY) OR ACQUIRES OUT OF PRINCE BANDAR'S NAME, OUT OF THE NAME OF ANY ENTITY CONTROLLED BY PRINCE BANDAR, OR OUT OF PRINCE BANDAR'S U.S.-BASED ACCOUNTS,** which sales proceeds must remain deposited and/or invested pursuant to a prudent man standard. This matter is hereby unsealed and Plaintiff is ordered to serve all parties with the TRO Application.

A hearing on a preliminary injunction in this matter is hereby set for February *14*, 2008 at *3pm* Eastern Standard Time.

**SO ORDERED.**

DATE/TIME: *5 Feb 2008* *4:21 pm*

*Rosemary M. Colly*

ROSEMARY M. COLLYER
United States District Judge

-4-