UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re BAE SYSTEMS PLC DERIVATIVE LITIGATION | )<br>)<br>) |
| | ) |
| This Document Relates To: | ) |
| ALL ACTIONS. | )<br>) |
| | ) |

Civil No. 1: 07-cv-01646

Assigned to: Judge Rosemary M. Collyer

**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING
SALES PROCEEDS FROM SALES OF U.S. REAL PROPERTY OWNED
OR ACQUIRED BY DEFENDANT PRINCE BANDAR BIN SULTAN**

**WHEREAS** plaintiff the City of Harper Woods Employees' Retirement System filed a Verified Shareholder Derivative Complaint For Intentional, Reckless or Negligent Breach of Fiduciary Duty, Corporate Waste and Ultra Vires Conduct (the "Complaint") against BAE Systems plc and various named present or former directors or executives of BAE Systems plc (the "Nominal and Individual BAE Systems plc Defendants"), and also named as an individual defendant, among others, Prince Bandar Bin Sultan ("Prince Bandar"); and

**WHEREAS** on or about December 30, 2007, service by alternative means was made on representatives of Prince Bandar pursuant to Federal Rule of Civil Procedure 4(f); and

**WHEREAS** the time within which Prince Bandar is to respond, move or otherwise answer the Complaint has, with consent of plaintiff's counsel, been extended by court order dated January 18, 2008, to and including 30 days following disposition of pending dismissal motions filed by the Nominal and Individual BAE Systems plc Defendants; and

**WHEREAS** plaintiff thereafter, on February 5, 2008, pursuant to Rule 65, F.R. Civ. P., and without prior notice to counsel for Prince Bandar, obtained a temporary restraining order (the "TRO") enjoining Prince Bandar and his agents or representatives for10 days from transferring the sales proceeds from the sale of any of Prince Bandar's U.S. real properties outside of Prince Bandar's control (or outside of the name or entity controlled by Prince Bandar), or out of Prince Bandar's U.S-based accounts, and requiring that said sales proceeds remain deposited and/or invested pursuant to a prudent man standard; and

**WHEREAS** the undersigned counsel for plaintiff and Prince Bandar have conferred and arrived at an agreement with regard to the handling of said sales proceeds after the TRO has run its course and continuing until the claims against Prince Bandar in this action have been resolved or disposed of,, whether on motions, after trial, or otherwise.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**

between plaintiff and Prince Bandar, through their counsel, subject to approval of the Court, that:

      1.    Any sales proceeds from the sale of U.S. real property that is currently owned by Prince Bandar directly or indirectly (or by an entity controlled by Prince Bandar) shall not be transferred out of Prince Bandar's name (or the name of any entity controlled by Prince Bandar) except as herein specified.

      2.    Except to the extent said sales proceeds are used to satisfy existing bank mortgages or other outstanding financial encumbrances attached to the real property being sold, as well as other necessary closing costs to be incurred by the seller at the time of closing, the sales proceeds shall not be transferred out of Prince Bandar's U.S. based accounts, and shall remain deposited and/or invested pursuant to a prudent man standard.

      3.    In the event that Prince Bandar (or an entity controlled by Prince Bandar) should acquire additional U.S. real property during the pendency of the present action against Prince Bandar, the sales proceeds received upon a subsequent sale of any such newly acquired property shall be subject to the aforesaid agreements set forth in paragraphs 1 and 2 above.

**IT IS HEREBY FURTHER STIPULATED AND AGREED** that, except as may be modified by agreement of the undersigned counsel or by leave of the Court upon application and good cause shown, the stipulations and agreements herein shall remain in effect only until there has been a resolution of the claims against Prince Bandar in this action, whether on motion, at trial, or otherwise, and no longer.

**AND IT IS HEREBY FURTHER STIPULATED AND AGREED** between Plaintiff and Prince Bandar that this Joint Stipulation is entered into without prejudice to any claims or defenses (including jurisdictional claims or defenses) that Prince Bandar may have and choose to assert in response to the Complaint.

DATED: February 12, 2008

LAW OFFICES OF ROGER M. ADELMAN
ROGER M. ADELMAN (DC Bar # 056358)

_____
ROGER M. ADELMAN

1100 Connecticut Ave, NW, Suite 730
Washington, DC 20036
Telephone: 202/822-0600
202/822-6722 (fax)

CUNEO GILBERT & LaDUCA, LLP
JONATHAN W. CUNEO (DC Bar # 939389)
WILLIAM H. ANDERSON (DC Bar # 502380)
507 C Street, NE
Washington, DC 20002
Telephone: 202/789-3960
202/789-1813 (fax)

Co-Liaison Counsel

COUGHLIN STOIA GELLER RUDMAN
& ROBBINS LLP
PATRICK J. COUGHLIN
MARK SOLOMAN
MARY K. BLASY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephoone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

VANOVERBEKE MICHAUD
& TIMMONY, P.C.
MICHAEL J. VANOVERBEKE
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI 48201
Telephone: 313/578-1200
313/578-1201 (fax)

Attorneys for Plaintiff

DATED: February _12_, 2008 HOWREY LLP

WM. BRADFORD REYNOLDS
(DC Bar # 179010)
1299 Pennsylvania Ave. NW
Washington, DC 20004
Telephone: 202/383-6912
202/383-6610

Counsel for Defendant
Prince Bandar Bin Sultan

IT IS SO ORDERED.

DATED: 13 Feb 2008

THE HONORABLE
ROSEMARY M. COLLYER
UNITED STATES DISTRICT JUDGE

## DECLARATION OF SERVICE BY FACSIMILE

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a member of the Bar of the District of Columbia, with a business address at 1299 Pennsylvania Avenue, NW, Washington, DC 20004-2402

2. That on February 12, 2008, declarant served by facsimile the **JOINT STIPULATION AND [PROPOSED] ORDER REGARDING SALES PROCEEDS FROM SALES OF U.S. REAL PROPERTY OWNED OR ACQUIRED BY DEFENDANT PRINCE BANDAR BIN SULTAN**

| Attorney | Facsimile | Telephone |
|---|---|---|
| Nancy H. Dutton | 202 966-6621 | 202 686-3500 |
| Lawrence Byrne | 212 903-9100 | 212 903-9000 |
| William R. Jordan III | 970 925-6388 | 970 925-1214 |
| Joshua Saslove | 970 925-4349 | 970 925-8810 |
| Richard L. Brusca | 202 393-5760 | 202 371-7000 |
| Mark C. Hansen | 202 326-7999 | 202 326-7904 |
| Christopher T. Lutz | 202 429-3902 | 202 429-3000 |
| Eric M. Roth | 212 403-2000 | 212 403-1000 |
| Stanley Sporkin | 202 857-0940 | 202 682-7000 |

3. That there is regular communication by facsimile between the place of origin and the places so addressed

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of February, 2008, in Washington, DC.

Wm. Bradford Reynolds (DC Bar # 179010)