UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on behalf of BAE SYSTEMS PLC, | ) Civil No. 1:07-cv-01646 ) ) Assigned to: Judge Rosemary M. Collyer |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| RICHARD (DICK) L. OLVER, et al., | ) ) |
| Defendants | ) ) |
| - and - | ) ) |
| BAE SYSTEMS PLC, an England and Wales Corporation, | ) ) ) |
| Nominal Defendant. | ) |

**PNC's AND THE ALBRITTONS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY LIMITED TO PERSONAL JURISDICTION**

Defendants The PNC Financial Services Group, Inc. ("PNC") and Joe, Barbara, and Robert Allbritton ("the Allbrittons") submit this Response to the Plaintiff's recent motion for expedited discovery, which it says is "limited to personal jurisdiction."[1] For reasons explained in this response, no such discovery should be allowed at this time.

Six weeks ago, in accordance with a schedule approved by this Court, PNC and the Allbrittons filed a joint motion to dismiss which does *not* raise the issue of personal jurisdiction.

---

[1] PNC and the Allbrittons are distinct, separately represented parties. Their respective positions and submissions on other matters may also be separate. But, because the issues here concern a Joint Motion to Dismiss that they filed, they are submitting this Joint Response to avoid the Court's having to read the same arguments twice.

Resolution of that motion should not be held hostage to Plaintiff's newly minted, wide ranging discovery plans for other defendants, which could take a great many months and would cost hundreds of thousands of dollars. Instead, PNC and the Allbrittons ask that the Court defer a decision on Plaintiff's discovery proposal, require briefing to proceed on all defendants' grounds for dismissal that do not involve personal jurisdiction, and then decide those arguments. If the defense motions are granted, then the discovery Plaintiff seeks will be unnecessary and would have been a waste of time and money. If they are not granted, the Court can deal with Plaintiff's request with greater assurance that there may actually be some reason for the discovery it seeks.

## Background

<u>This Case</u>

This is a purported derivative action brought by the holder of American Depository Receipts of defendant BAE Systems plc ("BAE plc"), a United Kingdom corporation, on behalf of BAE plc against over 30 defendants. The defendants include BAE plc's current board of directors and many of its former officers and directors (the "BAE plc Defendants"). Also named as defendants are Prince Bandar bin Sultan; PNC, as the successor by merger to Riggs National Corporation ("Riggs");[2] and the Allbrittons, who were former executives and controlling shareholders of Riggs.

The Complaint claims that, for over 20 years, Prince Bandar received "bribes [and] payoffs" from BAE plc while he was Saudi Arabia's ambassador to the United States. It alleges that those payments were "funnel[ed]" through accounts at Riggs in Washington, D.C. The payments were supposedly made to secure a large aircraft supply contract for BAE plc, a leading defense company,

---

[2] PNC is a holding company. In 2005, Riggs, the holding company for Riggs Bank N.A., was merged into PNC. The assets of Riggs Bank, N.A., which conducted Riggs's banking operations, were at that time acquired by various subsidiaries of PNC, including PNC Bank, N.A. PNC Bank, N.A. is the entity that currently carries on most of the business of the former Riggs Bank.

from the Saudi Ministry of Defense. The Complaint claims the alleged payment scheme injured BAE plc, and it seeks damages and other relief on BAE plc's behalf. ECF Dkt. No.1 ("Complaint").

<u>The Motions to Dismiss</u>

On January 31, all defendants except Prince Bandar filed motions to dismiss. In a Joint Motion, PNC and the Allbrittons showed that the claims against them should be dismissed for three reasons, *none* of which involves personal jurisdiction. In summary, they are as follows:

<u>First</u>, the Plaintiff lacks standing to bring this suit. PNC and the Allbrittons are charged with "aiding and abetting" alleged conduct by the BAE plc Defendants, but Plaintiff's claims against those officers and directors – which are brought derivatively, on BAE plc's behalf – do not meet the requirements for a derivative action involving an English corporation. A long-standing rule originating in an English case called <u>Foss v. Harbottle</u> prohibits a shareholder from suing derivatively to redress injury to a corporation, unless one of a few narrow exceptions applies. Plaintiff cannot meet any of those exceptions. The BAE plc Defendants have moved to dismiss on that basis. If that motion is granted, then the claims against PNC and the Allbrittons should also be dismissed.

<u>Second</u>, even if there were standing, the Complaint fails to state a claim against PNC or any of the Allbrittons. To plead aiding and abetting adequately, the Complaint must allege facts permitting the inferences that those defendants knew they were playing a role in facilitating a breach of fiduciary duty by the BAE plc Defendants, and that they substantially assisted that breach. But the Complaint does not do that: Its allegations against PNC and the Allbrittons consist primarily of "labels and conclusions, and a formulaic recitation of the elements of a cause of action" – an approach the Supreme Court recently held "will not do." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007). In fact, among the Complaint's few specific allegations about the bank's supposed involvement are claims entirely *in*consistent with aiding and abetting liability, including the

claim that Riggs did *not* know the source or purpose of the payments Plaintiff alleges were made. The Complaint thus fails to state a claim against PNC or the Allbrittons.

Third, the alleged misconduct of the BAE plc Defendants, supposedly committed in the course of their work for BAE plc, must be imputed to BAE plc itself as a matter of law. As a result, BAE plc is barred from recovery against PNC and the Allbrittons by the doctrine of *in pari delicto*, which provides that those who engage in wrongdoing forfeit any recovery from their accomplices, real or alleged – and the Plaintiff, which seeks to stand in the shoes of BAE plc, is barred also.

The BAE plc Defendants also filed a motion to dismiss. Besides making a standing argument based on Foss v. Harbottle, those defendants also argued that this Court was not a convenient forum, and that it lacked personal jurisdiction over many of them.

To summarize: The motions to dismiss filed by the various defendants raise five arguments, any one of which, if successful, would lead to dismissal. Four of those arguments – and the entirety of the Joint Motion filed by PNC and the Allbrittons – have nothing to do with personal jurisdiction over the BAE plc Defendants (the issue as to which the Plaintiff now claims it seeks discovery).

The Agreed Briefing Schedule

The current briefing schedule for defendants' motions to dismiss calls for the Plaintiff to respond by March 31. That deadline was set forth in a stipulation among the parties which was approved by the Court. In discussions regarding the stipulation, Plaintiff's counsel sought 60 days to respond (which resulted in the March 31 deadline) – substantially more than the period provided by the Rules – and the defendants agreed. At the time, there was little doubt that personal jurisdiction would be an issue raised by the BAE plc Defendants: Those defendants had filed a motion for extension of time in which personal jurisdiction was listed as a basis for dismissal, and they later

4

entered into a stipulation which expressly reserved the defense of lack of personal jurisdiction. See e.g., Dkt. 17 (Oct. 30, 2007) at 17; Dkt. 24 (Dec. 7, 2007) at 2, sixth "Whereas" clause.

Plaintiff's Current Motion

On March 12 – six weeks after the motions to dismiss were filed and just 19 days before the response date the Plaintiff itself proposed – the Plaintiff filed a 39-page motion for "expedited discovery limited to personal jurisdiction" accompanied by a 15-page declaration and hundreds of pages of exhibits. Besides firing an early shot at the BAE plc Defendants' arguments on personal jurisdiction, the motion seeks permission to take extensive discovery. On what it calls an "expedited" basis, the Plaintiff proposes that BAE plc itself and each individual BAE plc defendant respond to scores of interrogatories and document requests, to be followed by as many as 27 depositions (many of which would probably have to be conducted overseas) – plus unspecified "follow up" discovery. Motion at 12. The subject matter of the proposed discovery is wide ranging: Much of it has little apparent connection to jurisdictional questions and seems focused on the merits.

Of primary concern to PNC and the Allbrittons, Plaintiff seeks an essentially unlimited extension of time to respond to the motions to dismiss. Its motion asks for an extension of "45 days *(or as long as required)*" to file "oppositions to motion [sic] to dismiss."[3] Motion at 12 (emphasis added). Given the range of written discovery proposed by the Plaintiff, the practical difficulties of arranging more than 20 overseas depositions of senior corporate executives, and the unlimited provision for "follow up" discovery, it is virtually inconceivable that Plaintiff's desire to conduct what amounts to merits discovery in this complex case could possibly be satisfied in 45 days. Thus,

---

[3] This request appears to apply to Plaintiff's response to all motions to dismiss, but the expedited discovery motion's inconsistent use of terms like "movants," and "parties" makes it hard to be absolutely certain.

5

as a practical matter, if Plaintiff's motion were granted, the deadline for a response to PNC's and the Allbrittons' Joint Motion to Dismiss would essentially be "whenever the Plaintiff says it is ready."

**Discussion**

Plaintiff's motion asks the Court to turn this case upside down: It advocates what amounts to merits discovery from one set of parties while deferring, probably for many months, the resolution of long pending dispositive motions which do not require such discovery, and which, if granted could avoid the need for such expensive, time consuming proceedings. Until those dismissal motions are resolved, the Plaintiff's motion should be denied. Two considerations support this result.

First is sensible case management. This Court has considerable authority to manage this case in a way that promotes both a just *and* an efficient result. Fed. R. Civ. P. 1, 26 (d) and (f). Techniques often used to achieve this include phasing of litigation, giving priority to the resolution of specified issues, and deferral or sequencing of discovery. Crawford-El v. Britton, 523 U.S. 574, 598-99 (1998) ("Rule 26 vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery. . . . Additionally . . . the court may limit the time, place, and manner of discovery or even bar discovery altogether on certain subjects . . . .").

In this connection, the United States Supreme Court recently held that district courts may deny requests for discovery as to personal jurisdiction pending resolution of motions to dismiss based on *forum non conveniens*. Sinochem Int'l. Co. Ltd. v. Malaysia Int'l. Shipping Corp., 127 S. Ct. 1184, 1192 (2007) ("A district court . . . may dispose of an action by a *forum non conveniens* dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant."). This can be advisable because "a federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits'" Sinochem 127 S. Ct. at 1191, quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 585 (1999).

In particular, "[w]here . . . the issue of jurisdiction could be an 'arduous' one, and it is clear the case can be disposed of on a non merits ground, it serves the interest of judicial economy to do so." Chalabi v. Hashemite Kingdom of Jordan, 503 F. Supp.2d 267, 273 (D.D.C. 2007) (declining to order jurisdictional discovery and dismissing on limitations grounds). See also Marra v. Papandreou, 33 F. Supp. 2d 17, 20 (D.D.C. 1998), (given "the [D.C.] Circuit's expressed preference [for] explor[ing] dispositive jurisdictional issues before ordering discovery,"[4] the court held that, before permitting discovery on issues of personal jurisdiction and standing, it would first consider defendants' defenses that did not require discovery and could dispose of the case).

It is also important to recall that one of the reasons Rule 12 provides for dispositive motions is that they are a way for parties with meritorious legal arguments to avoid the expense and burden of discovery. Maljack Prods., Inc. v. Motion Picture Ass'n., Civ. A. No. 90-1121, 1990 WL 157900, at *1 (D.D.C. Oct. 3, 1990) (" 'The purpose of F. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.' ") (quoting Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)).  See also Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003) (quoting Rutman).

Here, the Plaintiff's motion proposes a highly *in*efficient way to conduct the case. Faced with dispositive motions from the defendants involving arguments for dismissal that require no discovery, the Plaintiff has decided it would prefer not to respond any time soon. Instead, it asks the Court to suspend the preliminary motion process indefinitely, to leave potentially dispositive motions undecided, and to authorize wide ranging discovery from the BAE plc Defendants.

---

[4] In that case, the Circuit Court of Appeals had issued a writ of mandamus barring depositions authorized by the District Court until other potentially dispositive issues raised in a motion to dismiss had been decided. In Re Papandreou, 139 F.3d 247 (D.C. Cir. 1998).

This approach would be unfair to PNC and the Allbritton defendants. Though ostensibly directed at the BAE plc Defendants, the proposed discovery seeks considerable information about PNC, Riggs, and the Allbrittons. Counsel for those parties could not responsibly ignore attendance at the proposed depositions. The ensuing effort and expense for PNC and the Allbritton defendants would be especially unjustified while motions to dismiss that could take them out of the case sit gathering dust in the Court's files. What the Plaintiff proposes would nullify for PNC and the Allbrittons the main intended benefits of Rule 12 motions – namely, prompt resolution of key issues and limitation of litigation expense.[5]

There is also the simple matter of common sense: The defendants' motions to dismiss include a number of arguments, unrelated to personal jurisdiction, that could end the case completely or end it for some parties. If those arguments succeed, the probably months-long and certainly trans-national discovery advocated by the Plaintiff will be unnecessary. The far more sensible approach would be to decide arguments that could end the case without discovery *before* subjecting everyone to the expense, burden, delay, and argument entailed in interrogatories, document requests, depositions, and yet more "follow up" discovery.

A second reason for denying the Plaintiff's motion relates to its timing and to the schedule for briefing motions to dismiss. In agreeing to that briefing schedule, the Plaintiff picked, without defense objection, the 60 day period it said it needed to respond. This came against a background of dispute between Plaintiff and the BAE plc Defendants over whether the Court could exercise jurisdiction over them. When the briefing schedule was agreed on, the issue of personal jurisdiction

---

[5] While doing extensive discovery now would unfairly penalize PNC and the Allbrittons, deferring discovery and addressing non-personal jurisdiction arguments would not prejudice the Plaintiff in the least: Such arguments will have to be confronted at some point, and if the Plaintiff should successfully fend them off, it could then seek discovery on personal jurisdiction over the BAE plc Defendants.

was plainly in play. Despite that, the Plaintiff let two-thirds of its response period expire before asking the Court to authorize extensive discovery and to suspend indefinitely consideration of pending motions to dismiss.

Surely, Plaintiff could have raised the question of personal jurisdiction discovery in a much more timely way. Certainly, in the time it spent assembling its lengthy motion and hundreds of pages of exhibits[6] the Plaintiff could have prepared a response to PNC's and the Allbrittons' Joint Motion to Dismiss, which has nothing to do with personal jurisdiction over the BAE plc Defendants. The timing and background of all this, coupled with the breadth of the discovery sought, suggest that Plaintiff's motion is chiefly designed to delay the day it must respond to defense arguments for dismissal while it stirs around in discovery in the vain hope that it can summon up something to fortify its meritless claims.

## Conclusion

Before authorizing the discovery the Plaintiff seeks, PNC and the Allbrittons respectfully request that the Court decide the arguments in pending motions to dismiss that could end the case without the need for such discovery. The Court should thus deny Plaintiff's motion for the time being, require the completion of briefing on grounds for dismissal not based on personal jurisdiction, and then decide those questions.

Respectfully submitted

STEPTOE & JOHNSON LLP

_____
Christopher T. Lutz (D.C. Bar No. 204008)
1330 Connecticut Avenue, N.W.

---

[6] Not to mention the time required to assemble the massive stacks of paper involved in Plaintiff's no-notice TRO application aimed at Prince Bandar, which it used to make an *ex parte* presentation of its side of the case.

9

Washington, D.C. 20036
Telephone: (202) 429-6440
Facsimile: (202) 429-3902

Of Counsel

WACHTELL, LIPTON, ROSEN & KATZ
Eric M. Roth
Adir G. Waldman
51 West 52nd Street
New York, New York 10019

Telephone:   (212) 403-1000
Facsimile:   (212) 403-2000

Counsel for The PNC Financial Services Group, Inc.

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

_____
Richard L. Brusca (D.C. Bar No. 366746)
1440 New York Avenue, NW
Washington, D.C. 20005

Telephone:   (202) 371-7140
Facsimile:   (202) 661-8209

Of Counsel:

Michael W. Mitchell
Four Times Square
New York, New York 10036

Telephone:   (212) 735-3000
Facsimile:   (212) 735-2000

Counsel for the Allbrittons

Dated: March 24, 2008

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on behalf of BAE SYSTEMS PLC, ) ) ) | Civil No. 1:07-cv-01646 Assigned to: Judge Rosemary M. Collyer |
| Plaintiff, ) ) ) | |
| vs. ) ) | |
| RICHARD (DICK) L. OLVER, et al. ) ) | |
| Defendants. ) ) | |
| - and - ) ) | |
| BAE SYSTEMS PLC, an England and Wales Corporation, ) ) ) | |
| Nominal Defendant. ) | |

**ORDER**

Having considered the JOINT RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY LIMITED TO PERSONAL JURISDICTION filed by Defendants The PNC Financial Services Group, Inc. and Joe L. Allbritton, Robert L. Allbritton, and Barbara Allbritton, and all supporting and opposing filings and arguments, it is ORDERED that

1) Plaintiff's Motion for Expedited Discovery is denied with leave to re-file if the Court denies all of the defendants' arguments for dismissal not based on personal jurisdiction.

2) The Court will consider grounds for dismissal not based on personal jurisdiction first.

3) The parties shall meet and confer in an effort to agree on a revised schedule for the submission of responses and replies in connection with the motions to dismiss.

```
                                        _____
                                        Rosemary M. Collyer
                                        United States District Judge
```

Dated: _____, 2008

## CERTIFICATE OF SERVICE

I certify that, besides having been filed and distributed electronically on the ECF system, copies of the foregoing PNC's AND THE ALLBRITTONS' JOINT RESPONSE TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY LIMITED TO PERSONAL JURISDICTION were sent on March 24, 2008, by First Class Mail, to the following counsel of record:

Roger M. Adelman
1100 Connecticut Avenue NW – Suite 730
Washington, D.C. 20036

Counsel for Plaintiff

Darren J. Robbins
Mary K. Blasy
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway – Suite 1900
San Diego, CA 92101

Counsel for Plaintiff

Jonathan W Cuneo
William H Anderson
Cuneo Gilbert & LaDuca LLP
507 C St N.E.
Washington, D.C. 20002

Counsel for Plaintiff

Michael J. Vanoverbeke
Thomas C. Michaud
Vanoverbeke Michaud & Timmony PC
79 Alfred St.
Detroit MI 48201

      Counsel for Plaintiff

Lawrence Byrne
Mary Warren
Linklaters LLP
1345 Avenue of the Americas
New York, New York 10105

      Counsel for BAE Systems plc Defendants

Wm. Bradford Reynolds
Howrey LLP
1299 Pennsylvania Avenue, N.W.
Washington D.C. 20004

      Counsel for Prince Bandar bin Sultan

_____