UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITY OF HARPER WOODS EMPLOYEES' RETIREMENT SYSTEM, Derivatively on Behalf of BAE SYSTEMS PLC,<br><br>Plaintiff,<br><br>vs.<br><br>RICHARD (DICK) L. OLVER et al.,<br><br>Defendants,<br><br>– and –<br><br>BAE SYSTEMS PLC, an England and Wales corporation,<br><br>Nominal Defendant. | Civil No. 1:07-cv-01646<br><br>Assigned to:<br>Judge Rosemary M. Collyer |

## SUPPLEMENTAL DECLARATION OF MARTIN MOORE QC

Pursuant to 28 U.S.C 1746, I, Martin Luke Moore QC of Erskine Chambers, 33 Chancery Lane, London WC2A 1EN, declare as follows:

1   I am asked to provide a short declaration addressing the following question:
> "Under English company law, is an illegal act by a company director ratifiable by the shareholders?"

2   The short answer to this question is "yes". I explain my answer below, and where appropriate make reference to my First and Second Declarations filed in support of the BAE PLC Defendants' Motion to Dismiss.

3   In general, when a director performs or causes an illegal act (such as bribery) on behalf of the company, this will constitute a wrong done by the director to the company, because the director has exposed the company to criminal sanctions and potentially to other harm.

4   As I explain at paragraphs 36 to 39 of my first Declaration, when the shareholders of a company ratify a wrongful act by a director, they adopt that act as an authorised act of the

company, and in doing so forgive the wrong done to the company. As I explain at paragraphs 37 to 38, the only effect of ratification is to render the wrongful act no longer a breach of duty to the company. This bars a claim by the company or by any shareholder seeking to bring a derivative claim on its behalf. Ratification of an illegal act does not in any sense make the act legal – it does not absolve the director or the company of criminal responsibility, nor of any civil liability to an outsider who has a claim arising from the illegal act.

5   Because ratification involves the adoption by the company of the wrongful act, its ability to ratify is limited by its corporate capacity. The company (through its shareholders) cannot adopt something which is *ultra vires* in the sense of being beyond the company's legal capacity (see the quote from Jenkins LJ in paragraph 25(b) of my second Declaration). As set out in my first Declaration at paragraph 41, an act might be *ultra vires* for one of two reasons:

    (i)   It is beyond the capacity of the company as set out in the objects clause in its memorandum of association; or

    (ii)  It is an act contrary to the English Companies Acts (e.g. an unlawful dividend), which are the statutes to which an English company owes its existence and so place limits on its capacity.

6   It is clear from the leading authorities that being criminally illegal (other than under the Companies Acts) does not make an act *ultra vires* in the relevant sense. I discuss these authorities (Rolled Steel, Smith v Croft (No 2) and Arab Monetary Fund) at paragraphs 28 to 31 of my second Declaration. The general proposition for which they stand was summarised by Lord Justice Browne-Wilkinson thus:

> "... *a company has capacity to carry out a transaction which falls within its objects even though carried out by wrongful exercise of its powers*".

7   In Arab Monetary Fund, the Court, applying this principle, found that the payment of a bribe was within the capacity of the company, that is, it was an act that was not *ultra vires*. Therefore, even assuming as true the plaintiff's claim that one or more BAE PLC directors paid, or were aware of, bribes to Prince Bandar, such an act would be ratifiable.

8    I understand that, viewed as a matter of first impression, it may seem counter-intuitive that shareholders are permitted (or would wish) to ratify a criminal act. But criminal acts come in many shapes and sizes - illegalities may be inadvertent and/or relatively trivial (such as minor regulatory offences), or a product of extraordinary circumstances which will never be repeated. Acting in conformity with law in one country may be an intentional (but unavoidable) breach of the law in another (e.g. political economic sanctions issued in one country as a matter of foreign policy, the conformity with which is subject to blocking legislation in another). Given the variety of circumstances in which criminal acts may be committed, it is unsurprising that English law leaves it to the shareholders to decide whether to adopt the act as that of the company, rather than laying down a rule that criminal acts are *per se* unratifiable, or attempting to identify in general and necessarily vague terms a category of criminal acts which cannot be ratified.

9    The general English law rule that illegal acts are ratifiable unless *ultra vires* preserves the principle that the shareholders, as owners of the company, are entitled to decide upon their own best interests, and thus may, if they desire, release any claim that the company may have. That shareholder autonomy does not violate any wider public policy. Deterrence is not compromised, because ratification does not make the criminal act legal, and so does not prevent a prosecutor or an injured third party with a direct claim from pursuing criminal or civil proceedings against the director or the company. The only interests implicated in a decision to ratify are those of the company, on which the shareholders may decide.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 27 June 2008.

_____
Martin Luke Moore QC

3

## CERTIFICATE OF SERVICE

I certify that, besides having been filed and distributed electronically on the ECF system, copies of the foregoing SUPPLEMENTAL DECLARATION OF MARTIN MOORE QC were sent on June 27, 2008, by First Class Mail, to the following counsel of record:

>Patrick J. Coughlin
>Mark Solomon
>Mary K. Blasy
>Coughlin Stoia Geller Rudman & Robbins LLP
>655 West Broadway - Suite 1900
>San Diego, California 92101
>
>Counsel for Plaintiff
>
>
>Roger M. Adelman
>1100 Connecticut Avenue, N.W. - Suite 730
>Washington, D.C. 20036
>
>Counsel for Plaintiff
>
>
>Jonathan Watson Cuneo
>William H. Anderson
>Cuneo Gilbert & LaDuca LLP
>507 C Street, N.E.
>Washington, D.C. 20002
>
>Counsel for Plaintiff
>
>
>Michael J. Vanoverbeke
>Thomas C. Michaud
>Vanoverbeke Michaud & Timmony PC
>79 Alfred Street
>Detroit, Michigan 48201
>
>Counsel for Plaintiff

Christopher Talbott Lutz
Matthew John Herrington
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

    Counsel for Defendant The PNC Financial
    Services Group, Inc.


Eric M. Roth
Adir G. Waldman
Wachtell, Lipton, Rosen & Katz
51 West 52nd Street
New York, New York 10019

    Of Counsel for Defendant The PNC Financial
    Services Group, Inc.


Richard L. Brusca
James Neil Lombardo
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005

Michael W. Mitchell
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

    Counsel for the Allbritton Defendants


William Bradford Reynolds
Howrey, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

    Counsel for Defendant Prince Bandar bin Sultan


                                */s/ Lawrence Byrne*

# Linklaters

Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
Telephone (+1) 212 903 9000
Facsimile (+1) 212 903 9100
Direct Line (+1) 212 903 9105
larry.byrne@linklaters.com

The Honorable Rosemary M. Collyer
United States District Court
　for the District of Columbia
333 Constitution Avenue, N.W.
Washington, D.C. 20001

June 27, 2008

Dear Judge Collyer:

In response to the Court's enquiry during the June 20, 2008, hearing on the defendants' motions to dismiss the Complaint in *City of Harper Woods Employees' Retirement System v. Olver et al.*, No. 07-1646, Nominal Defendant BAE Systems plc and the Individual BAE Systems plc Defendants respectfully submit the attached Supplemental Declaration of Martin Moore QC. Mr. Moore addresses the following question:

> "Under English company law, is an illegal act by a company director ratifiable by the shareholders?"

Sincerely,

Lawrence Byrne
Partner

cc:  Roger M. Adelman                    Christopher Talbott-Lutz
     Mary K. Blasy                       Michael W. Mitchell
     Richard L. Brusca                   William Bradford Reynolds
     Patrick J. Coughlin                 Eric M. Roth
     Jonathan Watson Cuneo               Mark Solomon
     Matthew John Herrington             Adir G. Waldman
     James Neil Lombardo

This communication is confidential and may be privileged or otherwise protected by work product immunity.

Linklaters LLP is a multinational limited liability partnership registered in England and Wales with registered number OC326345 including solicitors of the Supreme Court of England and Wales, members of the New York Bar and foreign legal consultants in New York. It is a law firm regulated by the Solicitors Regulation Authority. The term partner in relation to Linklaters LLP is used to refer to a member of Linklaters LLP or an employee or consultant of Linklaters LLP or any of its affiliated firms or entities with equivalent standing and qualifications. A list of the names of the members of Linklaters LLP together with a list of those non-members who are designated as partners and their professional qualifications is open to inspection at its registered office, One Silk Street, London EC2Y 8HQ, England or on www.linklaters.com.

Please refer to www.linklaters.com/regulation for important information on our regulatory position.